JOHN HEMPFLING v. GEORGE M. BURR, IMPLEADED WITH LEWIS SANDS.

*Pledge—Forfeiture and sale—Notice necessary—Fraud and collusion.*

1. Where the owner of corporate stock pledged it as collateral security to a note discounted at a bank whose vice-president and cashier were also president, and treasurer and secretary of the corporation issuing such stock, and without any demand of payment of, or notice to the pledger, the cashier sells said stock to a third party, after the maturity and non-payment of said note.

   *Held,* in a suit brought to cancel said sale and redeem said stock, that a plain case of fraud and collusion was made out.

2. There is no known rule of law which will exempt a person from personal responsibility for fraud committed in his official character, and while the defrauded party may have more than one wrong-doer, actual or constructive, to look to for redress, the *active* wrong-doer is always responsible for his own frauds.

Error to Manistee. (Judkins, J.) Argued January 13, 1886. Decided January 20, 1886.

Bill to redeem pledge. Dismissed on demurrer. Complainant appeals. Reversed.

*Ramsdell & Benedict,* for complainant:

Notice of the sale of property, pledged to secure a debt, is indispensable: *DeLisle v. Priestman,* 1 Browne (Pa.), 176; *McNeil v. Tenth National Bank,* 55 Barb. 59; *Campbell v. Parker,* 9 Bosw. 326; *Atlantic etc. Ins. Co. v. Boies,* 6 Duer 587; *Butts v. Burnett,* 6 Abb. Pr. (N. S.) 303; *Wheeler v. Newbould,* 16 N. Y. 400. A private sale is not authorized even when the contract dispenses with demand and notice: *Strong v. National Mechanics' Banking Association,* 45 N. Y. 720.

*A. V. McAlvay,* for defendant:

The bill proceeds against defendant as a private individual and yet fails to show any dealings by him with complainant except in his official character. He acted for the bank in receiving the note and security and in realizing on same, and if there was any fraud or mistake in the transaction, it was

the act of the corporation, as shown by the bill. The bank and gas light company are necessary parties, if charged with fraud.

CAMPBELL, C. J. This bill was filed to obtain redress for an unauthorized conversion of 150 shares of the stock of the Manistee Gas Light & Coke Company, worth over $3,500, and appropriated to the payment of a $200 note. The facts alleged are, substantially, that the two defendants were vice-president and cashier of the Manistee National Bank, and president and treasurer and secretary of the gas company; that in January, 1884, complainant made a ninety-day note for $200, and got it discounted at the bank, and delivered it to Burr as cashier, with the certificates of stock properly indorsed, so as to be transferable as a pledge collateral to the note. Shortly before the maturity of the note he inquired of Burr whether he should pay the note, or if it might run until his return from a contemplated absence, and Burr said: "Never mind it now; wait until you return." No demand was made, or notice given of any intention to dispose of the stock, and the first notice he had was a letter written him by Burr from Manistee, stating that the stock had been sold to Sands, and the note paid and subject to his order. On a subsequent application to Burr for an inspection of the stock and transfer books of the gas company he was refused the right to see the books, but Burr told him his stock had been transferred to Sands. There are various other averments of fraud and improper contrivances and refusals to do justice, which need not be enlarged upon.

Burr demurred on the ground that he had no interest shown, and had incurred no personal liability, having acted officially, and that no relief was asked or grantable against him. This last is not true, as both he and Sands are called upon officially to retransfer the stock.

Taking the bill to be true, as it must be on demurrer, there is a plain case of fraud and collusion made out against both defendants. In such a case it is quite likely that Burr's conduct may have been official, but we are not aware of any principle which will exempt a person from personal responsi-

bility for fraud committed in a double capacity.  It is no part of official duty to commit fraud, and there are probably cases where a corporation may not be liable for the frauds of its officers.  In the present case there is no attempt to charge either corporation as such.  To set up official responsibility as the only one existing is equivalent to claiming that the bank is liable for the cashier's fraud, and the cashier himself not liable.  This is a very singular result, and one which is too unreasonable to bear consideration.  A party defrauded may have more than one wrong-doer, actual or constructive, to look to for redress, but the active wrong-doer is always responsible for his own frauds.

The decree must be reversed, and the case sent back for further proceedings.

MORSE and SHERWOOD, JJ., concurred.

CHAMPLIN, J., did not sit.