BUSH v. HAYES.

1. Trover and Conversion—Corporation's Agent—Participant in Conversion of Beans.

Instruction to jury that to hold defendants, who were in charge of a corporation's warehouse, liable in action to recover for conversion of plaintiff's beans there must be evidence showing that they converted the beans to their own use was error since participant in conversion would be liable in such action whether he did it for himself or another.

2. FRAUD—LIABILITY OF ACTIVE WRONGDOER.

A party defrauded may have more than one wrongdoer, actual or constructive, to look to for redress, but the active wrongdoer is always responsible for his own frauds.

3. TROVER AND CONVERSION—DEMAND—EVIDENCE.

Refusal to deliver possession pursuant to a lawful demand is not conversion but only evidence of a conversion which is open to explanation.

4. SAME—DEMAND—EVIDENCE—QUESTION FOR JURY.

Evidence in action for conversion of plaintiff's beans by defendants in charge of a corporation's elevator, *held*, sufficient to take case to jury as to defendant to whom plaintiff made a demand, hence direction of verdict for such defendant was error.

5. SAME—DIRECTED VERDICT—DEMAND—EVIDENCE.

Directed verdict for defendant, in charge of a corporation's elevator, in action for conversion of plaintiff's beans *held*, proper where there is no evidence of a demand for redelivery having been made against such defendant and he did not bear such relation to other defendant against whom demand had been made as to make demand applicable to first-mentioned defendant.

6. CORPORATIONS—CONVERSION OF BEANS—DEMAND FOR WAREHOUSE RECEIPTS.

Demand for a warehouse receipt from defendants in charge of a corporation's elevator to which plaintiff had delivered his beans *held*, not equivalent to demand for redelivery of beans but merely evidence of intent to continue possession of beans with the corporation.

7. PLEADING—AMENDMENT ON APPEAL—EVIDENCE—REMAND.

Amendment of declaration in action to recover for conversion of beans by defendants who were in charge of corporation's elevator so as to include a charge that deprivation of beans was by reason of fraud perpetrated on plaintiff by defendants is denied in Supreme Court, where record contains no proof tending to sustain such a charge, but without prejudice to plaintiff's right to apply for leave to amend should he elect to do so upon remand for a new trial.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 5, 1938. (Docket No. 47, Calendar No. 40,191.) Decided November 10, 1938.

Case by Bert L. Bush against Fred Hayes and Glen Mills for conversion of beans. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed as to defendant Hayes and affirmed as to defendant Mills.

*Pardee, Friegel & McCrea,* for plaintiff.

*R. Stanley Day,* for defendants.

NORTH, J. Plaintiff brought this action to recover for beans alleged to have been converted by defendants. The Michigbean Growers Exchange, a Michigan corporation, was originally a party defendant, but as to it plaintiff dismissed his suit. On November 16, 1936, plaintiff had a Mr. Herman deliver 68½ bags of beans belonging to plaintiff to the Michigbean Growers Exchange. Ward Baird, an employee of the Growers Exchange unloaded this first load of beans, processed them, and stacked them apart from beans belonging to others. On November 23d plaintiff made a further delivery to the corporation of 44 bags of beans, and on that date he saw his first load of beans in sacks belonging to the Growers Exchange but the tag on each sack bore plaintiff's name. From this lot plaintiff took 10 sacks of beans and five bags of culls. About February 11th, plaintiff returned to the elevator where he found Mr. Mills and Mr. Hayes in charge, conversed with them separately, and asked them for a warehouse receipt but received none. Plaintiff then looked around but failed to find his beans. The following day plaintiff returned and again conversed

about the transaction but received no satisfaction. Three or four days later he made a demand on Mr. Hayes for his beans but failed in his attempt to get them, nor did he obtain a warehouse receipt. At the time of plaintiff's demand, Hayes said that the beans were gone, that they were moved a few days before, about February 11th. Ward Baird testified that under instructions from Mr. Mills he helped load the beans on the truck which moved them. He heard Mr. Mills tell the truck driver to take the beans to the west town elevator, owned by the corporation and also located in Owosso. Mr. Hayes was present at the time these beans were moved.

After receipt of the above testimony offered by the plaintiff, and apparently at the conclusion of his case, on motion by defendants, the trial court instructed the jury that the beans were not delivered to the defendants but to the Growers Exchange, that there was no evidence at all that these defendants converted the beans to their own use, that under the testimony the last known of the beans they were in the possession of the corporation to which plaintiff had delivered them, and the court directed the jury to render a verdict in favor of defendants. Plaintiff moved for a new trial. In his opinion denying the motion, the trial court stated that there was no evidence that these defendants participated in any wrong at all. From a judgment for defendants, plaintiff appeals.

The trial judge erred in instructing the jury that to hold the defendants liable there must be evidence showing that they converted the beans to their own use. If there has been a conversion in which they participated they are liable. It is of no consequence whether they acted for the corporation or acted for themselves if they were active participants in converting beans which belonged to plaintiff. They are

liable for the torts which they commit, be it for themselves or for another. In *Knowles* v. *Smith,* 190 Mich. 409, 418, we said:

"That an agent, as well as his principal, may be held liable for conversion in an action in trover, is settled in this State."

In *Hempfling* v. *Burr,* 59 Mich. 294, the plaintiff turned over stock as a pledge for a note. Shortly before the maturity of the note, plaintiff inquired of the defendant whether he should pay it or let it run until plaintiff's return from a contemplated absence. Defendant told him to let it run. The stock was turned over to another and plaintiff sought relief. In response to defendant's claim that he acted in his official capacity as an officer of the bank and hence was not personally liable, the court said:

"In such a case it is quite likely that Burr's conduct may have been official, but we are not aware of any principle which will exempt a person from personal responsibility for fraud committed in a double capacity. It is no part of official duty to commit fraud, and there are probably cases where a corporation may not be liable for the frauds of its officers. In the present case there is no attempt to charge either corporation as such. To set up official responsibility as the only one existing is equivalent to claiming that the bank is liable for the cashier's fraud, and the cashier himself not liable. This is a very singular result, and one which is too unreasonable to bear consideration. A party defrauded may have more than one wrongdoer, actual or constructive, to look to for redress, but the active wrongdoer is always responsible for his own frauds."

In *Reliable Woodworking Co.* v. *Lindeman,* 105 N. J. Law, 121 (143 Atl. 333), the court said:

"The mere fact that the defendant was the president of the vendor corporation is immaterial if the

taking, which he directed, was wrongful, because the rule is that a person who, acting as president of a corporation, converts property to the use of the corporation, cannot escape liability for the tort on the theory that he was acting merely as agent, (citing case) nor can he escape liability on the theory that he did not personally actually take possession of the property, but merely directed an employee of the corporation, who was with him, to take the property away.''

See, also, 3 Fletcher Cyclopedia Corporations (Perm. Ed.), p. 563, § 1140; 7 R. C. L. p. 510; and *Debobes* v. *Butterly,* 210 App. Div. 50 (205 N. Y. Supp. 104).

Plaintiff testified that he made a demand for the redelivery of his beans on defendant Hayes. Notwithstanding this demand plaintiff's beans were not returned to him by Mr. Hayes. In *Guarantee Bond & Mortgage Co.* v. *Hilding,* 246 Mich. 334, we said:

''From an examination of the cases, we are satisfied that the better rule is that while a manual possession of the property is not necessary to constitute a conversion, something more than the use of words is necessary. The words used may be evidence of a conversion, but are not conversion *per se.* This court has, in common with courts generally, held that refusal to deliver possession pursuant to a lawful demand is not conversion, but only evidence of a conversion.''

In 2 Cooley on Torts (Fourth Ed.), p. 519, § 335, we find:

''The refusal to surrender possession in response to a demand is not of itself a conversion; it is only evidence of a conversion, and like other inconclusive acts is open to explanation.''

There is no testimony in this record explaining or excusing Mr. Hayes' failure or refusal to redeliver

the beans to plaintiff. There was sufficient evidence
to take the case to the jury as to defendant Hayes.
It was error on the part of the trial court to direct a
verdict in favor of this defendant.

As to the defendant Mills, there is no testimony in
this record tending to show or from which the infer-
ence may be drawn that plaintiff demanded of him a
return or redelivery of the beans. There was no re-
lationship between Hayes and Mills that would make
the demand on Hayes for delivery applicable to or
binding upon Mills. Since it conclusively appears
from this record that in the first instance the Michig-
bean Growers Exchange became lawfully possessed
of these beans, plaintiff could not under the circum-
stances of this case, maintain an action for conver-
sion until he first made demand for the return of his
property. Because, as to defendant Mills, plaintiff
offered no testimony of a demand for redelivery of
the beans, and there being no other evidence of con-
version by this defendant, the court was justified in
directing a verdict in favor of Mr. Mills. This is
true notwithstanding it might be found from the
record that plaintiff did demand of Mills a ware-
house receipt, because a demand for a warehouse re-
ceipt was not a demand for the return of plaintiff's
property. Instead, it was only a demand for evi-
dence of the bailment which had been lawfully cre-
ated. If of any probative force at all, plaintiff's
demand for a warehouse receipt was evidence of an
intent to continue possession of the beans with the
Michigbean Growers Exchange.

The judgment entered in favor of defendant Hayes
and against plaintiff will be reversed and the case
remanded for a new trial as to this defendant; but
the judgment entered in favor of defendant Mills
must be affirmed. In this court plaintiff has asked to

amend his declaration so as to include a charge that he has been deprived of his beans by reason of fraud perpetrated upon him by these defendants. In the record before us there is no proof tending to sustain such a charge. We therefore do not pass upon plaintiff's motion to amend in this court; but our disposition of the case is without prejudice to plaintiff's right to apply to the circuit court for leave to amend his declaration, should he elect so to do.

On this appeal plaintiff will have taxable costs against defendant Hayes, and defendant Mills will have taxable costs against plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.