ZAINO *v.* NORTH WOODWARD CONSTRUCTION COMPANY.

1. VENDOR AND PURCHASER—NONPAYMENT—VENDOR'S REMEDIES.
   An executory land contract did not automatically become void upon failure to make a payment on the due date, affirmative action on the part of the vendor under its terms, having been required to extinguish the vendee's rights and the vendor may either (1) sue in equity to foreclose the contract, (2) bring ejectment, or (3) resort to the expeditious statutory remedy of forfeiting the contract under which the vendee is provided the statutory period for redemption (CLS 1956, § 630.25).

2. FRAUD—PARTIES—RESCISSION OF LAND CONTRACT.
   Fact that defendant president of defendant corporate vendor under executory land contract for sale of lot of which he had obtained rescission by repayment of plaintiff vendee's payments thereon through fraudulent representation was enough to hold him liable for fraud even though he was not a party to the contract itself.

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur, Vendor and Purchaser § 437 *et seq.*
[2] 55 Am Jur, Vendor and Purchaser § 617 *et seq.*
[3, 4] 55 Am Jur, Vendor and Purchaser § 70 *et seq.*

3. SAME—FALSE STATEMENT AS TO CHARACTER OF TITLE TO REAL ESTATE.

A false statement as to the character of title to real estate in a transaction where the title is material, when made as a fact without regard to its truth or falsity for the purpose of inducing another to contract concerning it, constitutes an actionable fraud, where a contract in relation to it is induced in reliance thereon and injury results thereby.

4. SAME—RESCISSION OF EXECUTORY LAND CONTRACT.

A false statement by defendant president of defendant corporate vendor under executory land contract as to title of land involved whereby plaintiff vendees were induced to rescind the contract upon repayment to them of money they had paid vendor, constituted fraud entitling them to recover the difference between price at which land had been sold to them and amount for which it was sold to other parties before plaintiff's contract had been rescinded.

Appeal from Wayne; Hadsell (Philip A.), J., presiding. Submitted January 6, 1959. (Docket No. 11, Calendar No. 47,700.) Decided February 19, 1959.

Case by Ernest Zaino and Rose Zaino against North Woodward Construction Company, a corporation, and Richard S. Rocklin for damages for fraudulent representations inducing rescission of land contract. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Ward, Plunkett & Cooney* (*W. P. Cooney,* of counsel), for plaintiffs.

*George F. Curran,* for defendants.

EDWARDS, J. The facts in this case are undisputed. So, in our view, is the applicable law.

Mr. and Mrs. Zaino signed a land contract with defendant North Woodward Construction Company on August 30, 1955, to purchase a certain lot #166

in the North Haven subdivision of Oak Park, Michigan. They paid $300 down and contracted to pay the balance of $600 in 8 months, at 6% interest. The contract also provided a penalty of 7% interest on any default.

Thereafter, before the $600 payment was due or paid, North Woodward Construction Company conveyed lot 166 to Richard S. Rocklin, president of North Woodward Construction Company, and Sophia Rocklin, his wife. Mr. Rocklin then entered into negotiations with Mr. and Mrs. Ginzler to sell lot 166 to them for a higher price. The Ginzlers never knew of the Zaino contract. It appears that a contract with the Ginzlers was actually executed before there was any default on the Zaino contract. The warranty deed to the Ginzlers was signed, however, 11 days after the Zaino contract was in default, but before any notice of default or rescission by defendants to the purchasers.

A month or more later a real-estate agent, James R. McCann, who represented the Zainos, the original purchasers, contacted defendant Rocklin and told him the Zainos were ready to pay the balance due on the contract.

McCann testified that Rocklin then advised that "he couldn't deliver title to it because he didn't own it.  *  *  *  He said the government owned it."

Rocklin then offered to return the down payment and the Zainos accepted the same. A few months later Mr. McCann passed the site and saw building operations going on there. He stopped and inquired and learned the sequence of events related above. Plaintiffs then filed suit for damages in fraud.

The case was tried without a jury and plaintiffs presented proofs, the essentials of which we have set forth above. Defendants made various motions to dismiss but when they were denied presented no evidence. The trial judge found that defendant

Rocklin had been guilty of fraudulent misrepresentations, that plaintiffs had relied thereon in accepting rescission of their contract, and entered judgment for plaintiffs in the amount of $1,324.50, the difference between the amount called for by the Zaino contract and that paid by the Ginzlers.

Appellants' basic contention appears to be that, when the Zainos failed to pay the balance on the due date, the land contract automatically became void. This is not the law. Affirmative action by the vendor under the terms of the contract is required to extinguish vendees' rights. In *Curry* v. *Curry,* 213 Mich 309, 316, this Court has enumerated the vendor's remedies as follows:

"(1) A suit in equity to foreclose the contract; (2) an action of ejectment; (3) proceedings under the statute."

Even under the last and, generally, most expeditious of these procedures, a statutory period of redemption is provided. CLS 1956, § 630.25 (Stat Ann 1957 Cum Supp § 27.1999). But on this record it appears plain that no steps at all were taken to extinguish plaintiffs' rights prior to the Ginzler sale.

In entering judgment against defendant Rocklin individually, the trial judge said:

"In this case, it appears, Mr. Curran, that the defendant Rocklin was the president of the other defendant, that he made the deed, which he signed as president of the corporation, to himself and his wife, of this property, and that thereafter he made the representations involved, and that there isn't any question but what he has been sued in this case, brought into court on the ground of fraud, and he is the one that perpetrated the fraud. He is therefore going to be held liable as far as this court is concerned along with the other defendant."

It is, of course, no defense for Rocklin in this action for damages on grounds of fraud to point out that he was not individually a party to the Zaino-North Woodward Construction Company contract. He obviously was a party to the fraud.

On motion for new trial, the trial judge entered an opinion denying same which is a masterpiece of brevity:

"Plaintiffs and defendants entered into an executory contract for the purchase and sale of certain real estate. Plaintiffs made the initial payment required by the contract. At a time when the contract was in full force, defendants fraudulently informed plaintiffs that defendants had no title to the premises involved and secured a rescission of the contract thereby. In fact, the defendants sold the property involved to another purchaser at an increased price very shortly after making the fraudulent representation.*

"A false statement regarding title to real estate is proof of fraud which permits recovery. *Crook v. Ford,* 249 Mich 500; *Grand Trunk Western R. Co. v. H. W. Nelson Co., Inc.* (CCA), 116 F2d 823."

In the last cited case, the circuit court of appeals for the 6th circuit said (p 832):

"A false statement as to the character of title to real estate in a transaction where the title is material, when made as a fact without regard to its truth or falsity for the purpose of inducing another to contract concerning it, constitutes an actionable fraud where a contract in relation to it is induced thereby in reliance thereon and injury results therefrom. *Jackson v. Collins,* 39 Mich 557; *Jackson v.*

---

* On direct examination McCann fixed the date of the false representations prior to the date of the Ginzler deed. On cross-examination he appears to have corrected this to a date after the Ginzler deed. In either event, the record indicates the representations were made prior to rescission of the Zaino contract and that there was reliance upon them in the Zainos' acceptance of rescission.

*Armstrong,* 50 Mich 65; *Weber* v. *Weber,* 47 Mich 569; *Face* v. *Hall,* 177 Mich 495; *Pitt Construction Company* v. *City of Dayton* (CCA), 237 F 305."

We agree.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.