JOY MANAGEMENT COMPANY v CITY OF DETROIT

Docket No. 110685. Submitted December 13, 1989, at Detroit. Decided
April 16, 1990.

The City of Detroit initiated proceedings in district court against
Joy Management Company, Ernest Karr and Dora Ewing after
they allegedly failed to obtain a certificate of occupancy or a
temporary occupancy permit before allowing certain property
to be occupied. The action was based on the alleged violation of
a City of Detroit ordinance. Joy Management Company, Karr
and Ewing then brought the present action in the Wayne
Circuit Court seeking a declaratory judgment and injunctive
relief, alleging that the ordinance was unconstitutional and was
being enforced against them in an unconstitutional manner.
The circuit court, Charles Kaufman, J., entered a declaratory
judgment for the city declaring the ordinance to be constitu-
tional. Plaintiffs appealed.

The Court of Appeals *held:*

1. The city's failure to give plaintiffs notice of the alleged
violations prior to the initiation of the legal proceedings
against them was not a violation of the right to procedural due
process.

2. Both Karr and Ewing may be prosecuted under the ordi-
nance since they allegedly participated in violating the ordi-
nance. The fact that such participation was as agents of Joy
Management Company does not relieve them of personal liabil-
ity.

3. Plaintiffs' argument that the ordinance was unconstitu-
tionally vague was not properly preserved for appeal.

4. The penal provision of the City of Detroit ordinance, which
provides that each day any violation of the ordinance shall
continue shall constitute a separate offense, is not a violation of

REFERENCES

Am Jur 2d, Corporations §§ 1893-1896; Housing Laws and Urban
Redevelopment § 8; Zoning and Planning §§ 242, 248.
See the Index to Annotations under Certificates of Occupancy;
Continuing Offenses; Corporate Officers, Directors, and Agents;
Housing and Slum Clearance; Zoning.

the city's statutory authority to punish for violations of its ordinances.

Affirmed.

1. MUNICIPAL CORPORATIONS — DUE PROCESS — VIOLATIONS OF ORDI-
NANCES — NOTICE.

A defendant's right to procedural due process is not violated where a city, without prior notice, initiates legal proceedings against him for alleged violation of a city ordinance which requires the defendant to obtain a certificate of occupancy or a temporary occupancy permit before allowing certain property to be occupied following its sale or transfer.

2. MUNICIPAL CORPORATIONS — HOUSING LAW — VIOLATIONS.

The provision of the Housing Law of Michigan regarding the recording of violations of the act and notice thereof applies only to violations based on inspections and not to every attempt by a city to enforce its own housing standards (MCL 125.532; MSA 5.2891[12]).

3. CORPORATIONS — CORPORATE EMPLOYEES AND OFFICERS — TORTS —
CRIMINAL ACTS — PERSONAL LIABILITY.

Corporate employees and officers are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation.

4. MUNICIPAL CORPORATIONS — CRIMINAL LAW — VIOLATIONS OF
ORDINANCES — CONTINUING VIOLATIONS — PUNISHMENT.

City ordinances providing for a fine not exceeding five hundred dollars or ninety days in jail, or both, for each offense and providing that each day a violation of an ordinance shall continue shall constitute a separate offense do not provide for punishment in excess of that authorized by state statute (MCL 117.4i; MSA 5.2082).

*Irving M. Stahl,* for plaintiffs.

*Otto J. Hetzel,* and *Farber, Downs, Dise & Irving, P.C.* (by *Timothy Downs*), for defendant.

Before: NEFF, P.J., and WAHLS and T. G. KAV-
ANAGH,* JJ.

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

NEFF, P.J. Plaintiffs appeal as of right from an order for declaratory judgment granted by the circuit court in favor of defendant. We affirm.

I

At issue is a challenge to a City of Detroit ordinance. Under the ordinance it is unlawful to sell or transfer, or act as a broker for a sale or transfer of, a one- or two-family dwelling unless a valid certificate of approval is tendered to the purchaser or transferee at the time of sale or transfer or unless one of the exceptions detailed in the ordinance is met. The ordinance, 124-H as amended by 213-H, has been codified, and reference will be to Article III, Sales or Conveyances of One- or Two-Family Dwellings, § 26-3-1 *et seq.*, of the Detroit Code.

The exception involved here applies to a sale or transfer of a dwelling that is not to be occupied by the purchaser or transferee and where:

> [T]he purchaser or transferee certifies by sworn affidavit that he will repair the dwelling; that the dwelling will never be occupied by him and he will not rent nor allow any person to occupy the property without first obtaining a certificate of approval or a temporary occupancy permit, which shall not exceed six (6) months and may be obtained upon inspection and the absence of any hazardous conditions, except occupancy at the time of the sale or transfer may be continued but in no case for a period longer than twelve (12) months; and the required rehabilitation permit will be obtained. [Section 26-3-2(3).]

This "point-of-sale" ordinance further provides that "any failure to adhere to statements made in the . . . affidavits provided for in sections 26-3-2(3)

and 26-3-2(4) shall be subject to the penalty provided for in section 1-1-9." Section 26-3-10.

Section 1-1-9 provides in pertinent part:

(a) Whenever in this Code or in any ordinance of the city or in any rule or regulation promulgated pursuant thereto, any act is prohibited or is made or declared to be unlawful or an offense, or whenever in this Code or any ordinance or in any rule or regulation promulgated pursuant thereto the doing of any act is required or the failure to do any act is declared to be unlawful, where no specific penalty is provided therefor, any person upon conviction for the violation of any such provision of this Code or any ordinance or any such rule or regulation shall be punished by a fine not exceeding five hundred dollars ($500.00) or by imprisonment in the city house of correction, not to exceed ninety (90) days, or by both such fine and imprisonment in the discretion of the court, for each such offense. Each day any violation of any provision of this Code or of any ordinance or of any such rule or regulation shall continue shall constitute a separate offense.

Defendant initiated proceedings against plaintiffs after they allegedly failed to obtain a certificate of occupancy or a temporary occupancy permit before allowing certain property to be occupied. Plaintiffs thereafter filed the instant action for declaratory judgment and injunctive relief, alleging that the point-of-sale ordinance provision was unconstitutional and was being enforced against them in an unconstitutional manner.

The parties agreed below that the issues before the circuit court involved only questions of law and could be disposed of summarily. Following a hearing on the motions for summary disposition, the circuit court entered an order declaring the ordinance to be constitutional.

II

Plaintiffs first contend that their right to procedural due process was violated when defendant initiated legal proceedings against them for alleged violations of the city ordinance, 124-H, without first giving them the notice required by the Housing Law of Michigan. Plaintiffs' contention is without merit.

Plaintiffs do not contend that they were not given proper notice of when and where the criminal proceedings would take place. Rather, plaintiffs argue that they should have been given notice of the alleged violations prior to the initiation of criminal proceedings. Plaintiffs do not cite, and we are unable to find, any case law to support the notion that the failure to give such notice prior to initiation of criminal proceedings violates a defendant's right to procedural due process.

Section 8 of the Housing Law of Michigan, MCL 125.408; MSA 5.2778, provides that the provisions of that act shall "be the minimum requirements adopted for the protection of health, welfare and safety of the community." The statute also states that, except as further provided, "[n]o ordinance . . . shall repeal, amend, modify or dispense with any of the said minimum requirements laid down in this act."

Section 132 of the act, MCL 125.532; MSA 5.2891(12), provides in pertinent part:

> (1) If, upon inspection, the premises or any part thereof are found to be in violation of any provision of this act, the violation shall be recorded by the enforcing agency in the registry of owners and premises.
>
> (2) The owner, and in the discretion of the enforcing agency the occupant, shall be notified in writing of the existence of the violation. The notice

shall state the date of the inspection, the name of the inspector, the nature of the violation and the time within which the correction shall be completed.

MCL 125.534; MSA 5.2891(14) also provides in pertinent part:

(1) If the owner or occupant fails to comply with the order contained in the notice of violation, the enforcing. agency may bring an action to enforce the provisions of this act and to abate or enjoin the violation.

Plaintiffs rely on the above sections of the act to argue that before defendant may attempt to enforce the subject ordinance in district court it must notify plaintiffs in writing of the existence of the alleged violation. Plaintiffs also contend that, consistent with the act, such notice shall state the date the inspection was made, the name of the inspector, the nature of the violation, and the time within which the correction shall be completed. Plaintiffs argue that defendant's failure to take these steps before filing numerous ordinance violation complaints in district court deprived them of due process of law. Plaintiffs' argument is without merit. By the express wording of the statute, the minimum requirements set forth in § 132 of the act apply only to violations based on inspections and not to every attempt by a city to enforce its own housing standards.

Plaintiffs' argument that they should have been given notice of the alleged violations prior to the initiation of criminal proceedings is even more unconvincing in light of affidavits plaintiffs were required to sign to transfer the property. Immediately above the spot where plaintiffs allegedly had, on some sixty occasions, signed the affidavits,

swearing that they would obtain the certificates of approval or temporary occupancy permits prior to occupancy, the following words appear: "I understand that I am subject to prosecution under Ordinance 124-H if I do not adhere to the statements to which I have sworn or affirmed in the above paragraphs."

Plaintiffs were not denied due process when defendant initiated complaints against them for the alleged failure to obtain the necessary certificates of approval or temporary occupancy permits.

III

Plaintiffs' next contention, that plaintiffs Karr and Ewing, as agents of plaintiff Joy Management Company, may not be prosecuted under the point-of-sale ordinance because, by its very terms, the ordinance applies only to purchasers or transferees of buildings, is without merit. It is well established that corporate employees and officials are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation. *Attorney General v Ankersen,* 148 Mich App 524, 557; 385 NW2d 658 (1986). Accordingly, since plaintiffs Karr and Ewing allegedly participated in violating the ordinance, they may be prosecuted under it.

IV

Plaintiffs' next argument is that defendant's point-of-sale ordinance is unconstitutionally void for vagueness. While plaintiffs concede in their brief on appeal that the point-of-sale ordinance, when read alone, might appear clear and precise, they now claim that, when read in conjunction

with defendant's ordinance 290-H, enacted after ordinance 124-H, the point-of-sale ordinance is void for vagueness. However, we decline to address this issue because plaintiffs failed to properly preserve it for our review by raising it before the trial court. Generally, an issue is not properly preserved if it is not raised before and addressed by the trial court. *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987).

V

Plaintiffs next contend that the penal provision of the point-of-sale ordinance violates state statute and the United States and Michigan Constitutions. We disagree.

Plaintiffs argue that defendant exceeded the authority to punish conferred upon it by MCL 117.4i; MSA 5.2082, which states in pertinent part:

> Each city may in its charter provide:
>
> \* \* \*
>
> (10) For the punishment of those who violate its laws or ordinances, but no punishment shall exceed a fine of $500.00 or imprisonment for 90 days, or both, in the discretion of the court: said imprisonment may be in the county jail or city prison, or in any workhouse in the state authorized by law to receive prisoners from such city.

The penalty provision in the Detroit Code, § 1-1-9, is made specifically applicable to the point-of-sale ordinance by § 26-3-10 of the ordinance. Section 1-1-9 is the general penalty provision that is to be applied to ordinance violations where no penalty provision is otherwise specified, and it provides for a fine of $500 or imprisonment for up to ninety days, or both, for each offense.

Plaintiffs object to the following portion of § 1-1-9: "Each day any violation of any provision of this Code or of any ordinance or of any such rule or regulation shall continue shall constitute a separate offense."

We read the restriction in the state statute to apply separately to each offense. Defendant does not exceed its statutory authority to punish for violations of its point-of-sale ordinance by providing that each day of violation constitutes a separate offense.

Finally, we are unpersuaded that the case law cited by plaintiffs support their argument that the penal provision of § 1-1-9, which makes each day of violation a separate offense, violates their right to due process under the United States and Michigan Constitutions.

Affirmed.