FORTON v LASZAR

Docket No. 215488. Submitted December 15, 1999, at Grand Rapids. Decided February 22, 2000, at 9:15 A.M. Leave to appeal sought.

Robert and Marilyn Forton brought an action in the Muskegon Circuit Court against Michael Laszar, the residential home builder who had built the plaintiffs' house. The plaintiffs alleged various structural defects in the construction of the house and sought damages under the theories of breach of contract and violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* The plaintiffs had two structural engineers inspect the house. Both of those engineers concluded that the problems the plaintiffs were experiencing were caused by inadequacies in the foundational support for the flooring system of the house and inadequacies in the floor framing itself. One of the engineers reported that the problems were also caused by inadequate ventilation of the crawlspace and that there was an inadequate roof support system over the entryway of the house. The defendant's structural engineer agreed with the need for replacement of the main floor beam, but was critical of the other conclusions of plaintiffs' engineers. In lieu of a formal trial, the parties submitted the matter to the court for a determination on the basis of various exhibits filed by the parties, including the reports of the engineers and the estimates of the cost of repair. The court, James M. Graves, Jr., J., found that the defendant had breached specific provisions of his contract with the plaintiffs by failing to comply with applicable building codes and to complete the contract in a good and workmanlike manner. The court held that the MCPA applies to residential builders, awarded damages in an amount supported by the plaintiffs' estimates of the cost to repair the defects in the house, and awarded attorney fees pursuant to the provisions of the MCPA. The defendant appealed.

The Court of Appeals *held*:

1. The MCPA prohibits unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce. Although the MCPA contains no language expressly including or excluding residential builders from its operation, the act's definition of trade or commerce as the conducting of a business that provides goods, property, or service for personal, family, or household

purposes is sufficiently broad to include residential builders who construct and sell homes for personal family use. Accordingly, residential builders are subject to claims of unfair or deceptive trade practices under the MCPA.

2. The question whether a residential builder's conduct rises to the level of an unfair, unconscionable, or deceptive practice prohibited under the MCPA must be answered case by case. The trial court properly found that the defendant's deviation from the construction method shown on the blueprints of the house constituted an unfair, unconscionable, or deceptive practice under subsection 1(y) of § 3 of the MCPA, MCL 445.903(1)(y); MSA 19.418(3)(1)(y), which defines those practices as including the failure of a party to a transaction to provide the promised benefits.

3. There was ample evidence supporting the trial court's determination that the defendant had breached his contract with the plaintiffs and that the breach was material. Although the defendant presented conflicting testimony, it was for the trier of fact to weigh the conflicting testimony.

4. The parties presented competing estimates concerning the cost of the repairs necessitated by the defendant's breach of his obligations. The trial court did not err in finding that the plaintiffs' estimates more accurately reflected the cost necessary to repair the defects.

Affirmed.

CONSUMER PROTECTION — RESIDENTIAL BUILDERS — UNFAIR TRADE PRACTICES.

Residential builders who construct and sell homes for personal family use are subject to claims of unfair, unconscionable, or deceptive trade practices under the Michigan Consumer Protection Act; the question whether a residential builder's conduct rises to the level of an unfair, unconscionable, or deceptive practice prohibited under that act must be answered case by case; a residential builder's deviation from the construction method shown on the blueprints of a house may be found to constitute an unfair, unconscionable, or deceptive practice on the basis that the deviation constitutes a failure to provide a promised benefit (MCL 445.902[d], 445.903[1][y]; MSA 19.418[2][d], 19.418[3][1][y]).

*Parmenter O'Toole* (by *W. Brad Groom*), for the plaintiffs.

*Timothy A. Hoesch*, for the defendant.

Before: Fitzgerald, P.J., and Hoekstra and Markey, JJ.

Per Curiam. Defendant appeals as of right a judgment entered by the trial court in favor of plaintiffs in this action alleging breach of contract and violations of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* We affirm.

Plaintiffs executed a written contract with defendant, a licensed residential builder, for the construction of a residential home. Within a short time after moving into the home, plaintiffs noticed several problems and defects in the construction of the home, such as sagging floors, distorted doorways, and cracking drywall. In an effort to determine the cause of the problems, plaintiffs contacted Robert Cowles, a structural engineer. In a report issued after an inspection of the home, Cowles concluded that many of the problems plaintiffs experienced were caused by structural inadequacies in the foundational support provided for the home's flooring system and weaknesses in the floor framing itself. A second structural engineer, Robert Sandel, concurred with Cowles' findings, but concluded that the structural inadequacies in the foundation and flooring system were not the sole cause of the problems. Sandel also concluded that the crawl space beneath was improperly ventilated, causing excessive moisture build-up that contributed to the problems. Sandel further indicated that improper installation of the truss system used to support the front entryway created a risk that the roof and ceiling would collapse under a heavy load. Defendant's expert, engineer Dirk Buttke, concurred with Sandel's finding that the main floor beam was deficient and

should be replaced to alleviate overstressing of the beam. Buttke was largely critical of the remainder of Sandel's conclusions.[1]

Plaintiffs filed suit against defendant, alleging both breach of contract and violation of the MCPA. The basis of these claims was defendant's alleged failure to complete the contract in a "good and workmanlike manner," as well as defendant's unilateral deviation from the blueprints approved by plaintiffs. The parties submitted to the court a number of exhibits, including the opinion of each party's expert engineering witness and the estimates of the cost of repair, for consideration by the trial court in lieu of a formal trial.

The trial court found that defendant had breached specific provisions of the contract by failing to comply with applicable building codes and by failing to complete the contract in a "good and workmanlike manner." On the basis of these findings, the court awarded plaintiffs damages in the amount of $15,493 as the cost of the repair of the defects. The trial court also determined that the MCPA applies to residential builders and awarded plaintiffs attorney fees pursuant to MCL 445.911(2); MSA 19.418(11)(2) on the basis of its finding that in constructing the home defendant violated the act by unilaterally deviating from the blueprints approved by plaintiffs.

Defendant first questions whether a residential builder may be sued under the MCPA. This issue is one of first impression.

---

[1] Buttke also indicated that the home floor framing system was deficient under the building code currently in effect, but met the requirements of the code in effect at the time the home was actually built.

The MCPA is a remedial statute designed to prohibit unfair practices in trade or commerce and must be liberally construed to achieve its intended goals. *Price v Long Realty, Inc*, 199 Mich App 461, 470-471; 502 NW2d 337 (1993). The MCPA prohibits, and defines by example, "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." MCL 445.903(1); MSA 19.418(3)(1). The MCPA contains no language expressly including or excluding residential builders from its purview, but broadly defines "trade or commerce" as follows:

"Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. [MCL 445.902(d); MSA 19.418(2)(d).]

In construing a statute, the courts must look to the object of the statute and the harm it is designed to remedy and then apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity*, 444 Mich 638, 644; 513 NW2d 799 (1994). Given that the clear legislative intent of the MCPA is to protect consumers in the purchase of goods and services, we conclude that the definition of "trade or commerce" includes residential builders who construct and sell homes for personal family use. Thus, residential builders are subject to claims of unfair or deceptive trade practices under the MCPA.

Whether a residential builder's conduct rises to the level of an unfair, unconscionable, or deceptive prac-

tice prohibited under the MCPA must be made case by case, after inquiry into the facts of the particular case. Here, with regard to the claim under the MCPA, the trial court determined that defendant's deviation from the blueprints, which resulted in the increased floor spanning for the joists that resulted in the defects in the floor of the home, violated subsections 1(g), 1(y), and 1(cc) of § 3 of the MCPA, MCL 445.903(1)(g), (1)(y), and (1)(cc); MSA 19.418(3)(1)(g), (1)(y), and (1)(cc), which define unfair, unconscionable, or deceptive methods, acts, or practice in the conduct of trade or commerce as:

> (g) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented.

> \*     \*     \*

> (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

> \*     \*     \*

> (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

Although the trial court did not provide any specific reasoning for its finding that defendant's deviation from the blueprints was in violation of each of the above subsections, we conclude that the evidence was sufficient to support the trial court's conclusion that defendant engaged in unfair and deceptive trade practices when he failed to construct the home according to the blueprints approved by plaintiffs.

Specifically, defendant's representation that he would construct the home in accordance with the blueprints plaintiffs approved, and defendant's subsequent failure to do so, constituted a failure to provide the promised benefit. Accordingly, we hold that the trial court did not err in finding that defendant violated subsection 903(1)(y).

Defendant also asserts that the trial court erred in awarding plaintiffs more than $15,0000 in damages for breach of contract because there was no material breach for which damages could be awarded and because the estimates provided by defendant for repair of the defects amounted to no more than $4,700. We disagree with both assertions.

First, the trial court found that defendant was in breach of the contract as a result of his failure to perform the contract in a good and workmanlike manner. This factual finding is amply supported by the evidence submitted to the court for its review. Both Sandel and Cowles found the foundational support for the home's flooring system to be inadequate and rendered an opinion that serious deficiencies found in that system had caused the majority of the problems plaintiffs experienced. Although defendant presented conflicting testimony, it is for the trier of fact to weigh disputed testimony. "We do not reverse with reference to findings of fact in a law case where the trial court decides disputed testimony unless it can be said the testimony clearly preponderates against the judgment of the lower court." See *Gosnick v Wolff*, 366 Mich 573, 579; 115 NW2d 396 (1962).

Second, both parties stipulated that the estimates each submitted, although differing in total cost, were quotes based on the same repairs. The trial court

properly considered the competing estimates and found those plaintiffs submitted to more accurately reflect the cost necessary to repair the defects. Defendant offers nothing to convince this Court that the trial court erred in this determination.[2]

Affirmed.

---

[2] Contrary to defendant's suggestion, the trial court did not award plaintiffs the cost of replacement as opposed to repair. Hence, defendant's reliance on *Otto Misch Co v E E Davis Co*, 241 Mich 285; 217 NW 38 (1928) is misplaced.