HARTMAN & EICHHORN BUILDING COMPANY, INC
v DAILEY

Docket No. 249847. Submitted January 11, 2005, at Detroit. Decided May 26, 2005, at 9:00 a.m.

Hartman & Eichhorn Building Company, Inc. (HEBC), brought an action in the Oakland Circuit Court against Steven and Janine Dailey and others, alleging breach of contract and unjust enrichment, and seeking foreclosure on a construction lien relating to the renovation of the Daileys' residence. The Daileys counterclaimed for breach of contract, negligence, fraudulent misrepresentation and violations of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*, and the builders' trust fund act, MCL 570.151 *et seq.* The Daileys also filed a third-party action against Jeffry R. Hartman, who signed the contract on behalf of HEBC, alleging fraudulent misrepresentation and the same statutory violations they alleged against HEBC. The court, Colleen O'Brien, J., granted summary disposition of the claims against Hartman individually, determining that Hartman was not a party to the contract and bore no individual liability. The Daileys appealed by leave granted.

The Court of Appeals *held*:

1. The trial court erred in stating that there was no basis for imposing liability upon Hartman individually for his allegedly fraudulent acts committed in the course of his employment by the corporation. Agents and officers of a corporation are liable for torts that they personally commit even though in doing so they act for the corporation and even though the corporation is also liable for the tort.

2. The trial court erred when it held that Hartman was not personally liable for any MCPA violations resulting from his conduct. The Legislature constructed the MCPA so that actions, rather than affiliations, yield liability. The Legislature intended that those who actually violate the act, which Hartman is alleged to have done, would be the ones from whom victims could recover damages, regardless of the violators' affiliation with any business entity. The plain language of MCL 445.911(7) indicates that the act generally envisions individual liability.

3. MCR 7.215(J)(1) constrains this panel of the Court of Appeals to follow the holding in *Forton v Laszar*, 239 Mich App 711 (2000), that residential builders are subject to the MCPA. Were it not so constrained, the panel would hold that the MCPA does not apply to residential builders. The MCPA does not apply to transactions or conduct specifically authorized under the laws administered by a regulatory board or officer acting under statutory authority, MCL 445.904(1), such as Hartman's contractor's license being controlled under the Occupational Code, MCL 339.2401 *et seq*. If a statute authorizes the performance of some service by a licensed professional, then the MCPA does not apply to the professional's performance of the service. Although the panel agrees with Hartman that his tort liability may not be determined under the MCPA, under the controlling precedent of *Forton* the trial court's grant of summary disposition must be reversed and the case must be remanded so that court can address the merits of the Daileys' MCPA claims.

Reversed and remanded for further proceedings.

SAWYER, J., concurring in part and dissenting in part, stated that the majority is correct that there may be individual liability for Hartman on the fraud claim. However, there cannot be individual liability under the MCPA. The MCPA addresses unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of a trade or commerce in MCL 445.903(1). That means, according to the definitions in the MCPA, that the conduct of a business is what is actionable, not the conduct of an individual. The MCPA authorizes equitable relief against an individual engaging in conduct that violates the MCPA while authorizing financial damages against a business benefiting from the conduct. The trial court correctly concluded that there is no individual liability by Hartman under the MCPA, without regard to *Forton*.

*Harnisch, Lebow, Gerlach, Steffl & Gadd, PLC* (by *Michael J. Lebow, James C. Steffl*, and *Charles J. Gerlach*), for Steven and Janine Dailey.

*Robert S. Rollinger* for Jeffry Hartman.

Before: SCHUETTE, P.J., and SAWYER and O'CONNELL, JJ.

O'CONNELL, J. This case requires us to reconsider the issue whether a building contractor can be liable under § 3 of the Michigan Consumer Protection Act.[1] Although the Legislature apparently intended liability under the act to extend to individuals for their "conduct," a building contractor's construction or renovation of a house is regulated by the Occupational Code,[2] so the remedy provisions in the MCPA[3] should not apply. *Smith v Globe Life Ins Co.*[4] Nevertheless, our decision in *Forton v Laszar*[5] has already applied *Smith* to building contractors and found that the act of building a house does not fit within the MCPA's exemption provision. As a result, and in accordance with MCR 7.215(J)(2), we disagree with our earlier decision in *Forton* and follow it only because we are required to do so by MCR 7.215(J)(1). We declare a conflict with *Forton*, and, if we were not bound by this precedent, we would hold that the MCPA does not apply to the performance of residential construction, renovation, or repair by licensed residential builders. MCR 7.215(J)(2).

I

Third-party plaintiffs Steven and Janine Dailey entered into an agreement with Hartman & Eichhorn Building Company, Inc. (HEBC), to renovate their house located in West Bloomfield. The contract provided for a total amount to be paid of $166,041, with an

---

[1] MCL 445.903.

[2] MCL 339.101 *et seq.*; see MCL 339.2401 *et seq.* regarding residential builders and contractors.

[3] MCL 445.901 *et seq.*

[4] 460 Mich 446, 462-467; 597 NW2d 28 (1999).

[5] 239 Mich App 711, 715; 609 NW2d 850 (2000).

initial down payment and various draws as construction proceeded. Defendant Hartman signed the contract on behalf of HEBC.

The Daileys became dissatisfied with the quality of the work performed by HEBC and withheld a portion of the money due under the contract, demanding that various deficiencies be corrected. Plaintiffs allege that HEBC refused to complete the project after plaintiffs refused payment.

HEBC filed a complaint against the Daileys alleging breach of contract and unjust enrichment, and seeking foreclosure on a construction lien. The Daileys filed a counter-complaint for breach of contract, negligence, and slander of title against HEBC, and also claims of fraudulent misrepresentation, violation of the MCPA, and violation of the builders' trust fund act[6] against both HEBC and defendant Hartman in his individual capacity. Thereafter, the trial court granted summary disposition on the claims against Hartman individually on the basis that there was no genuine issue of material fact that Hartman could not bear any individual liability. Specifically, the trial court held as follows:

> Hartman argues he was not a party to the Agreement. Hartman claims that the Daileys were dealing with him exclusively in his capacity as an officer and agent of HEBC. Therefore, there is no basis for imposing liability upon him individually.
>
> This Court agrees. The Court finds there is no genuine issue of material fact that Hartman cannot bear any individual liability.

This Court thereafter granted the Daileys' application for leave to appeal. The only issue before this Court is the dismissal of the claims against Hartman in his individual capacity. We reverse.

---

[6] MCL 570.151 et seq.

II

The Daileys first argue that the trial court erred by dismissing the fraud claim against Hartman. Although the trial court stated that there is no genuine issue of material fact, it appears to this Court that the trial court was concluding that there was no genuine issue of material fact that Hartman was acting only in his capacity as an officer and agent of the corporation. Further, it appears that the trial court accepted, without indicating any authority for its conclusion, the argument that an agent cannot be liable for his tortious conduct if that conduct was done in the capacity as an agent of the corporation. But as this Court observed in *Warren Tool Co v Stephenson*,[7] an agent may be held liable for those torts in which the agent participated.

> It is a familiar principle that the agents and officers of a corporation are liable for torts which they personally commit, even though in doing so they act for the corporation, and even though the corporation is also liable for the tort. *Zaino v. North Woodward Construction Company* [355 Mich 425, 429; 95 NW2d 33 (1959)] (fraudulent representations); *Allen v. Morris Building Company* [360 Mich 214, 218; 103 NW2d 491 (1960)] (willful change in natural flowage of water); *Wines v. Crosby & Co.* [169 Mich 210, 214; 135 NW 96 (1912)] (active promotion and sale of a compound known to be dangerous); *Bush v. Hayes* [286 Mich 546, 549; 282 NW 239 (1938)] (conversion); *Hempfling v. Burr* [59 Mich 294, 295; 26 NW 496 (1886)] (fraud). [*Id.*]

See also *People v Brown*,[8] and *Joy Management Co v Detroit*.[9]

---

[7] 11 Mich App 274, 300; 161 NW2d 133 (1968).

[8] 239 Mich App 735, 739-740; 610 NW2d 234 (2000).

[9] 183 Mich App 334, 340; 455 NW2d 55 (1990).

In sum, it does not appear from the trial court's opinion that the court was basing its conclusion upon a determination that there was insufficient factual support of the Daileys' fraud claim. Rather, it appears that the trial court's decision was based solely on the incorrect legal conclusion that Hartman could not be held individually liable for tortious acts committed in the course of his employment by the corporation. Accordingly, we reverse the grant of summary disposition in favor of Hartman on the fraud claim.

III

Next, the Daileys argue that the trial court erred in granting summary disposition on their claim under the MCPA. Again, the only basis for the trial court's grant of summary disposition was that there would be no individual liability by Hartman. We agree with the Daileys that the Legislature intended to hold individuals, and not just their businesses, liable for conduct that violates the MCPA. On appeal, Hartman also raises the issue whether the MCPA even applies to building contractors. We are bound by precedent to hold that it does, so we reverse the trial court's grant of summary disposition for Hartman on plaintiffs' MCPA claim.

The MCPA enables victims to sue those who violate the act, but the enabling provision does not expressly limit a victim's choice of violating defendants to a certain class or type.[10] Nothing in the act expressly states whether an individual who violates the act in his or her capacity as an employee or corporate officer is personally liable in a civil suit. Nevertheless, we note that most of the violations listed in MCL 445.903 have the common root of fraudulent or deceptive practice,

---

[10] MCL 445.911(2).

and, as noted above, torts are generally applicable first to the actual tortfeasor and then vicariously to his or her employer in certain circumstances. In the realm of torts, holding a company liable first and determining the liability of employees and executives second is the equivalent of drifting a raft upstream.

Also, the MCPA makes unlawful "[u]nfair, unconscionable, or deceptive *methods, acts,* or *practices* in the conduct of trade or commerce . . . ."[11] Therefore, the act redresses actual conduct, not board resolutions, and it goes without saying that no corporation or other business entity can do anything, including violate the MCPA, without human action. This case makes the point perfectly. While the Daileys claim that HEBC violated the act through various representations and omissions, they attribute those same representations and omissions to Hartman and claim that the acts sustain their MCPA claim against him individually. Because the Legislature constructed the MCPA so that actions, rather than affiliations, yield liability, individuals are necessarily the act's primary violators. It stands to reason that, absent express language to the contrary, the Legislature intended that those who actually violate the act would be the ones from whom victims could recover damages, regardless of the violators' affiliation with any business entity.

Finally, the plain language of MCL 445.911(7) indicates that the act generally envisions individual liability. The subsection states that "when a person commences an action against *another person,* the defendant may assert . . . any claim under this act . . . ."[12] In the absence of a caveat excluding individuals acting as owners, employees, board members, or executives, this

---

[11] *Id.* (emphasis added).

[12] MCL 445.911(7) (emphasis added).

language declares what should be intuitive–those who may sue for violations of the act may sue those who violate the act. Therefore, Hartman was personally liable for any MCPA violations that resulted from his conduct, and the trial court erred when it held to the contrary.

This leaves us with Hartman's appellate argument that the MCPA does not apply to actions taken by him or HEBC because the act of a building contractor repairing a house is regulated by the Occupational Code. We agree, but we are bound by precedent to hold otherwise. According to MCL 445.904(1), the MCPA "does not apply to . . .(a) [a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state . . . ." In *Smith, supra* at 465, our Supreme Court liberally interpreted the phrase "transaction or conduct specifically authorized" to include any activity or arrangement permitted by statute. The Court did not limit the scope of the inquiry to the specific misconduct alleged. *Id.* Therefore, if a statute authorizes the performance of some service by a licensed professional, then the MCPA does not apply to the professional's performance of the service. *Smith, supra* at 465-466 n 12.

Applying *Smith* to this case, we would find that the statutes allow only licensed residential builders or alteration contractors to perform the reconstruction work at issue here, MCL 339.601(1), 339.2401, 339.2404, and Hartman held the license for HEBC in accordance with MCL 339.2405. Therefore, Hartman and HEBC were generally allowed by statute to make the repairs and renovations to the Daileys' home, and the MCPA should not apply.[13] However, in *Forton, supra*

---

[13] The identical conclusion was reached in Justice CORRIGAN's concurring opinion to our Supreme Court's denial of leave to appeal in *Forton.*

at 715, we expressly held that residential builders are subject to the MCPA. While we question the wisdom of either *Smith* or *Forton*, we are bound by MCR 7.215(J)(1) to apply *Forton* and hold Hartman accountable under the MCPA. As with the fraud claims, the trial court did not address the merits of the Daileys' MCPA claims, so we reverse the court's grant of summary disposition and remand for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

SCHUETTE, P.J., concurred.

SAWYER, J. (*concurring in part and dissenting in part*). Although I agree with the majority that there may be individual liability by Hartman on the fraud claim, I disagree that there could be individual liability on the MCPA claim. Furthermore, I would not reach the question whether *Forton v Laszar*, 239 Mich App 711; 609 NW2d 850 (2000), was correctly decided as I do not believe we need reach that issue and create a conflict. The only basis for the trial court's grant of summary disposition on the MCPA claim was that there would be no individual liability by defendant.[1] Whether liability under the MCPA is limited to the business itself or may be extended to an individual employee or agent of the business who actually commits the violation on behalf of the business appears to be a question of first impression in Michigan.

---

The concurrence, reported at 463 Mich 969 (2001), explained that the regulation of residential builders justified their exemption from the act, but the builder in that case failed to assert the issue in a timely manner.

[1] The parties do discuss in their briefs whether the MCPA applies to residential builders. Cf. *Forton, supra* at 715, and *Winans v Paul and Marlene, Inc,* unpublished opinion per curiam, issued July 8, 2003 (Docket No. 230944). Although I agree with the majority that *Winans* presents the better view of this issue, ultimately the trial court did not decide this question in its opinion and, therefore, we should decline to address it.

The Daileys alleged in their counter-complaint and third-party complaint various violations of MCL 445.903. That section sets out numerous practices that are unlawful under the act and the initial paragraph provides, "(1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows . . . ." The term "trade or commerce" is one of art that is defined by MCL 445.902(d) as follows:

> "Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. "Trade or commerce" does not include the purchase or sale of a franchise, but does include pyramid and chain promotions, as "franchise", "pyramid", and "chain promotions" are defined in [MCL 445.1501 to 445.1545].

Resolution of the issue of individual versus company liability under the MCPA can be achieved by looking to the first clause of the definition of "trade or commerce." Specifically, that term is defined as "the conduct of a business . . . ." Therefore, the statute addresses "the conduct of a business" rather than the conduct of an individual.

Furthermore, in drafting the MCPA, the Legislature clearly demonstrates that it was cognizant of when it wished a provision to include an individual and when it did not. For example, MCL 445.902(c) defines "person" to include a "natural person" as well as a "corporation" and other business entities. By contrast, the Legislature did not provide a definition of "business" that includes natural persons. Moreover, although MCL 445.903 addresses the conduct of a business, other sections ad-

dress the conduct of persons. For example, MCL 445.903a defines "company" to mean "a person engaged in trade or commerce who provides a service contract to consumers." Similarly, MCL 445.903c and MCL 445.904d prohibit "a person" from placing a misleading telephone directory entry or advertisement.

Further, the sections dealing with remedies also selectively establish remedies available against "a person." For example, MCL 445.905 authorizes the attorney general to seek a restraining order against "a person" who is violating MCL 445.903. The general remedy section, MCL 445.911, authorizes under paragraph 1 equitable relief against a person who violates MCL 445.903. But under paragraph 2, which provides for a financial recovery, there is no such language regarding the action being against "a person" who violates the act. The Legislature's use of both the terms "a business" (a specific term) and "a person" (a more general term) reflects an intentional distinction between the two and a very specific scheme by the Legislature: equitable relief against persons violating the act, but no financial damages against those individuals.

Moreover, the majority's reliance on MCL 445.911(7) is misplaced for a number of reasons. First, as noted above, the MCPA defines "person" to include any legal entity, including corporations and partnerships. Therefore, the use of the word "person" in that subsection does not necessarily establish a remedy against an individual. Second, that subsection establishes a period of limitations in which to commence an action under the act and then provides that a *defendant* in a lawsuit may raise a claim under the act as a defense or counterclaim. But who would be suing the consumer that might have a claim under the MCPA? It would be

the business with which the consumer contracted, not the individual employee who may have violated the act. Therefore, if anything, MCL 445.911(7) supports the view that financial damages under the act are recoverable against the business entity, not against the individual employee. Third, subsection 7 does not create a remedy. As discussed above, it is subsection 1 that creates a remedy against an individual, and that remedy is only equitable in nature.

Accordingly, it is clear and unambiguous to me that the Legislature provided for equitable relief against the individual who actually engages in the conduct that violates the act in order to stop the conduct, while providing for financial remedies against the business that benefits from that conduct. Therefore, I believe that the trial court correctly concluded that there was no individual liability by Hartman and it properly granted summary disposition for him on the MCPA claim.