*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ATTORNEY GENERAL,

Plaintiff-Appellant,

v

ELI LILLY AND COMPANY,

Defendant-Appellee.

UNPUBLISHED
June 22, 2023

No. 362272
Ingham Circuit Court
LC No. 22-000058-CZ

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

In this case involving the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*., plaintiff, the Attorney General of Michigan, appeals as of right an order granting summary disposition under MCR 2.116(C)(8) to defendant Eli Lilly and Company. We affirm.

On January 25, 2022, plaintiff filed a petition for civil investigative subpoenas, seeking to "commence an investigation under the MCPA into [defendant's] practices in pricing analog insulin." The MCPA makes unlawful any "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce[.]" MCL 445.903(1). Plaintiff also filed a complaint for a declaratory judgment, seeking a declaration that the MCPA "applies to the conduct she seeks to explore in the Petition."

The dispute over whether the MCPA applies involves two Supreme Court opinions, *Smith v Globe Life Ins Co*, 460 Mich 446; 597 NW2d 28 (1999), superseded in part by statute as stated in *Dell v Citizens Ins Co of America*, 312 Mich App 734; 880 NW2d 280 (2015), and *Liss v Lewiston-Richards, Inc*, 478 Mich 203; 732 NW2d 514 (2007). Those opinions interpreted MCL 445.904(1)(a), a provision of the MCPA that exempts from the act "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Simply put, the Court in *Smith* and *Liss* concluded that if a general category of conduct or a general transaction is specifically authorized by law, the § 4(1)(a) exemption applies, even if the granular transaction or conduct might otherwise be improper. See *Smith*, 460 Mich at 465 (explaining that the proper inquiry "is whether

-1-

the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited"); *Liss*, 478 Mich at 212 (quoting same).

The trial court concluded that, on the basis of *Smith* and *Liss*, plaintiff's complaint for declaratory relief was not viable as a matter of law because the actions plaintiff sought to investigate were specifically authorized by law. In other words, defendant was authorized by law to manufacture and sell insulin. Thus, the trial court granted defendant's motion for summary disposition and dismissed the case.

Plaintiff filed a claim of appeal in this Court, as well as a bypass application for leave to appeal in our Supreme Court. Our Supreme Court denied the bypass application but directed this Court to "expedite its consideration of this case." *Attorney Gen v Eli Lilly & Co*, ___ Mich ___; 982 NW2d 395 (2022).

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(8). *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010). "Questions of statutory interpretation, construction, and application are reviewed de novo." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019).

In the present case, it is not in dispute that defendant manufactures and sells drugs, including insulin, pursuant to licenses issued under Part 177 of the Public Health Code, MCL 333.17701 *et seq*. Clearly, then, under *Smith* and *Liss*, the § 4(1)(a) exemption applies. The trial court correctly reached that conclusion in its order dismissing the case. Indeed, plaintiff concedes in her brief on appeal that "affirmance is currently required in light of *Smith* and *Liss*."

However, plaintiff asserts that, in light of our Supreme Court's denial of her bypass application, our Supreme Court implicitly indicated to this Court that it should consider her arguments that *Smith* and *Liss* were wrongly decided. Plaintiff argues that this Court should issue an opinion urging our Supreme Court to overturn the pertinent holdings in *Smith* and *Liss*. We decline the invitation to do so.

Our Supreme Court is responsible for overturning its own precedent and can do so if it chooses. "It is the duty of the Supreme Court to overrule or modify [its] caselaw . . . , and the Court of Appeals and the lower courts are bound by the precedent established by the Supreme Court until it takes such action." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 387-388; 741 NW2d 61 (2007). We note that our Supreme Court, in other cases, has expressly directed this Court to address one or more specific issues. See, e.g., *People v Samuels*, 507 Mich 928 (2021); *Schutt v Suburban Mobility Auth for Regional Trans*, 507 Mich 897 (2021); *Woodring v Phoenix Ins Co*, 501 Mich 883 (2017). It did not do so here. Thus, the denial of plaintiff's bypass application may signal nothing more than the fact that our Supreme Court concluded that none of the discretionary grounds for granting such an application were satisfied. See MCR 7.305(B)(4).

Affirmed.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra