*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH A. FARRELL-RUSSANO,

        Claimant-Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant,

and

BEAUMONT HOSPITAL,

        Respondent-Appellee.

UNPUBLISHED
July 20, 2023

No. 361404
Wayne Circuit Court
LC No. 21-017141-AE

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Appellant, the Department of Labor and Economic Opportunity/Unemployment Insurance Agency (UIA), appeals by leave granted[1] from an order of the trial court reversing decisions by an administrative law judge (ALJ) and the Unemployment Insurance Appeals Commission (UIAC).[2] The ALJ and the UIAC upheld a determination by the UIA to deny claimant's request for standard unemployment benefits under the Michigan Employment Security (MES) Act, MCL 421.1 *et seq*. We reverse the trial court's order and reinstate the decisions of the ALJ and the UIAC.

---

[1] *Farrell-Russano v Unemployment Ins Agency*, unpublished order of the Court of Appeals, entered September 20, 2022 (Docket No. 361404).

[2] The responsibilities of the UIAC were previously exercised by the Michigan Compensation Appellate Commission (MCAC). The Governor's Executive Order 2019-13 created the UIAC and transferred appellate responsibilities from the MCAC to the UIAC.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Claimant, who suffers from chronic asthma, was employed at Beaumont Hospital as a "bedside nurse." On the advice of her doctor, claimant quit her job because of increased risks to her health arising from the COVID-19 pandemic. Claimant sought standard unemployment benefits from the UIA, which initially granted the application and began issuing benefits. However, the UIA subsequently determined claimant was ineligible for state unemployment benefits because she was unable to perform suitable, full-time work, as required by MCL 421.28(1)(c). The UIA demanded claimant return the benefits she had received.

Claimant contested the determination with an ALJ and a hearing was set. Before the hearing, claimant received a notice stating the issues to be determined included claimant's eligibility for: (1) standard unemployment benefits under the MES Act; and (2) benefits under the Coronavirus Economic Stabilization (CARES) Act, 15 USC 9001 *et seq*. Following the hearing, the ALJ determined claimant was ineligible for standard unemployment benefits under the MES Act, but did not decide claimant's eligibility for pandemic unemployment assistance ("PUA") under the CARES Act. Claimant appealed to the UIAC, which affirmed the ALJ's findings.

Claimant appealed these decisions to the trial court, arguing that while she only applied for standard state unemployment benefits, the facts surrounding her claim made it clear she was actually applying for PUA benefits, and the UIA was in the best position to recognize this intent. The trial court agreed and reversed the decisions of the ALJ and the UIAC. According to the trial court, the UIAC committed an error of law by failing to recognize that, although claimant did not qualify for standard unemployment benefits, she did qualify for PUA benefits, both of which were administered by the UIA. The UIA now appeals.

## II. PRESERVATION AND STANDARD OF REVIEW

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Id.* at 431-432. "Great deference is accorded to the circuit court's review of the [administrative] agency's factual findings; however, substantially less deference, if any, is accorded to the circuit court's determinations on matters of law." *Id.* at 432 (alteration in original). An administrative decision "is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." *Id.*

We review de novo questions of statutory interpretation. *Liss v Lewiston-Richards, Inc*, 478 Mich 203, 207; 732 NW2d 514 (2007). "When interpreting a statute, this Court attempts to give effect to the Legislature's intent by looking at the statutory text, giving meaning to every word, phrase, and clause in the statute and considering both their plain meaning and their context." *Id*.

## III. LAW AND ANALYSIS

The UIA argues the trial court erred when it reversed the orders of the ALJ and the UIAC because claimant did not qualify for state unemployment benefits under the MES Act. It further contends the issue of claimant's eligibility for PUA benefits under the CARES Act was not before the ALJ or the UIAC, and therefore claimant was not entitled to these benefits. We agree.

Claimant's primary argument seeks an equitable remedy, not a legal one. She contends that, given the COVID-19 pandemic, it is unjust to apply the MES Act requirements to her. She further contends that the UIA should have recognized her subjective intent to apply for PUA benefits rather than standard state unemployment benefits. But "[i]n the absence of an express legislative conferral of authority, an administrative agency generally lacks the powers of a court of equity." *Allen v Charlevoix Abstract & Engineering Co*, 326 Mich App 658, 664; 929 NW2d 804 (2019) (quotation marks and citation omitted). The UIA does not have the authority to exercise equitable powers to award benefits for which claimant did not apply, regardless of any confusion she may have had when submitting her claim.

Furthermore, even if the UIA did have the authority to award claimant benefits in this case, the UIA could not have ignored the work requirement of MCL 421.28(1)(c), which this Court interprets according to its plain language. *Liss*, 478 Mich at 207. The version of MCL 421.28(1)(c) which was in effect at the time claimant sought benefits clearly required she be able "to perform suitable full-time work of a character that the individual is qualified to perform by past experience or training, which is of a character generally similar to work for which the individual has previously received wages, and for which the individual is available, full time." MCL 421.28(1)(c) as amended by 2020 PA 83. Claimant submitted documentation from her doctor saying she was unable to work, and testified at the ALJ hearing that she was unable to work. While claimant said she would be willing to work from home, she was trained as a "bedside nurse," and could therefore not perform similar work at home.

But, in reversing the decisions by the ALJ and UIAC, the trial court relied on MCL 421.29, which was revised to permit those who left their jobs because of COVID-19 concerns to claim unemployment benefits, even though they would otherwise be ineligible. The trial court's reliance on MCL 421.29 is misplaced because the UIA did not deny claimant benefits on this basis. Instead, claimant was deemed ineligible for state unemployment benefits because she could not satisfy the separate work requirement of MCL 421.28(1)(c). Nothing in MCL 421.29 indicates this requirement was suspended. The trial court and claimant appear to have interpreted this section as mandating the ALJ and the UIAC to consider claimant's eligibility for PUA benefits as well as standard state unemployment benefits, despite her having not applied for the former. There is no language in this section suggesting such an interpretation.

The trial court also failed to use the proper standard of review when analyzing the UIA's decision to deny claimant's claim.

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the

-3-

determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . . [Const 1963, art 6, § 28.]

Additionally:

The circuit court . . . may review questions of fact and law on the record made before the [ALJ] and the Michigan compensation appellate commission [now, the UIAC] involved in a final order or decision of the Michigan compensation appellate commission, and may make further orders in respect to that order or decision as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. . . . [MCL 421.38(1).]

An agency's interpretation of an applicable statute is "entitled to respectful consideration, but [is] not binding on courts and cannot conflict with the plain language of the statute . . . ." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 111-112; 754 NW2d 259 (2008).

Instead of making any findings regarding whether the UIA's determination was supported by "competent, material and substantial evidence on the whole record[,]" Const 1963, art 6, § 28, the trial court merely concluded that the UIA's determination, and the ALJ's and the UIAC's affirmations of this decision, were contrary to law. The trial court failed to actually establish any errors of law. First, as the UIA notes, claimant never applied for PUA benefits. Regardless of claimant's protestations of fairness, it is her burden—not the UIA's—to prove her eligibility for benefits. *Lawrence*, 320 Mich App at 436 n 2. Second, while claimant is correct that the notice of hearing indicated that the issue of whether she was eligible for benefits under the CARES Act would be decided, she did not raise this issue before the ALJ. Claimant was represented by an attorney during this hearing, and the duty to raise the issue of PUA benefits under the CARES Act fell to claimant and her attorney, not the ALJ. See *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008) (footnote and citation omitted) ("Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention."). Regardless of whether the issue was listed on the notice of hearing, it was never argued before the ALJ. Therefore, the trial court was unable to consider the issue, and its belief that the task of advising claimant of her possible legal arguments fell to the ALJ was misplaced.

Because these issues demonstrate the trial court's error, we decline to address the UIA's other argument regarding the separate form requirements for applying for PUA benefits under the CARES Act.

Reversed. We reinstate the orders of the ALJ and the UIAC. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien