*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH M. NELSON,

        Claimant-Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

UNPUBLISHED
October 07, 2024
11:24 AM

No. 365243
Kent Circuit Court
LC No. 22-009765-AE

Before: BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

PER CURIAM.

Appellant, the Department of Labor and Economic Opportunity/Unemployment Insurance Agency (the Agency), appeals by leave granted[1] the circuit court's order affirming the decision of the Unemployment Insurance Appeals Commission (the Appeals Commission), which affirmed the order of the Administrative Law Judge (ALJ) reversing the Agency's adjudication that claimant was ineligible for unemployment benefits. In simpler terms, the Agency challenges the determination that claimant was eligible for the unemployment benefits that were paid to him, and that he need not reimburse the Agency for those benefits. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case involves whether claimant was entitled to certain unemployment benefits paid to him under the Pandemic Unemployment Assistance (PUA) program. Claimant applied for and received such benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 USC 9001 et seq., in 2020. Those benefits (for 2020) are not disputed. In late 2020, the Continued Assistance for Unemployed Workers Act of 2020 (the CAA) "amended the CARES Act and included certain changes to the PUA program." Unemployment Insurance Program Letter

---

[1] *Nelson v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, unpublished order of the Court of Appeals, entered October 5, 2023 (Docket No. 365423).

(UIPL) No. 16-20, Change 4, p I-1. As relevant to this case, the CAA "create[d] a new requirement for individuals to submit documentation substantiating employment or self-employment." *Id*. at p 5.

Claimant continued to receive PUA benefits in 2021. In July 2021, the Agency informed claimant that it had been determined that he was ineligible for PUA benefits for all of 2021, because he did not provide the necessary documentation to substantiate his prepandemic employment. Claimant protested the decision, and the Agency issued a redetermination that effectively restated its previous decision. In support of those decisions, the Agency cited to the Michigan Employment Security Act (MESA), MCL 421.1 et seq., and the CAA. Claimant appealed the redetermination to the ALJ. The Agency did not appear at the hearing before the ALJ on claimant's appeal. Claimant represented himself and presented only his own testimony as evidence. Claimant testified that he had been self-employed as a flooring installer before the COVID-19 pandemic shut down his business. Claimant testified that he had always performed the necessary biweekly certification procedures under the MESA. When asked about his verification of prepandemic employment, claimant testified that he had provided the Agency with his 1099 tax form for 2019.

On the basis of claimant's testimony, the ALJ reversed the Agency's decision. The ALJ determined that the Agency had wrongfully relied on a provision of the MESA related to biweekly certification instead of the provision of the CAA regarding verification of prepandemic employment. The ALJ also found that claimant had "provided a copy of his 2019 1099 form to the Agency" in response to the request for documentation to verify his prior self-employment. The Agency appealed that decision to the Appeals Commission, which affirmed the ALJ's holding. The Appeals Commission agreed with the ALJ that the Agency had no need to cite the MESA when the legal authority for requesting verification of employment was in the CAA. Additionally, the Appeals Commission concluded that there was sufficient evidence to find that claimant complied with the CAA because he said he submitted his 1099 form from tax year 2019. As a result, the Appeals Commission agreed that claimant was eligible for PUA benefits.

The Agency then appealed to the circuit court, arguing that the ALJ and the Appeals Commission had failed to apply the appropriate legal framework. More specifically, the Agency asserted that, regardless of its citation to the MESA, claimant had not proven his eligibility under the CAA by submitting documentary evidence establishing his prepandemic self-employment. The circuit court disagreed, holding that there was sufficient evidence admitted during the hearing before the ALJ to support a finding that claimant provided the necessary information when it was requested. As a result, the circuit court affirmed the decision of the Appeals Commission. This appeal followed.

## II. STANDARD OF REVIEW

This Court recently restated the applicable standards of review in cases involving appeals from the Appeals Commission and involving PUA benefits in *Holbrook v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 361919 and 362201); slip op at 3-4:

The Michigan Constitution requires a circuit court to review an agency decision as follows:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law. [Const 1963, art 6, § 28.]

"A reviewing court is not at liberty to substitute its own judgment for a decision of the [Commission] that is supported with substantial evidence." *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193-194; 859 NW2d 683 (2015).

Thus, this Court has explained that it "reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (cleaned up). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." Id. at 431-432.

With respect to statutory interpretation, this Court reviews such matters de novo. *Liss v Lewiston-Richards, Inc*, 478 Mich 203, 207; 732 NW2d 514 (2007). "When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (cleaned up). If a statute is unambiguous, it must be applied as written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018).

## III. ANALYSIS

The Agency argues that the circuit court should have reversed the decision of the Appeals Commission. We disagree. The circuit court properly affirmed the decision the Appeals Commission, which affirmed the decision of the ALJ reversing the adjudication of the Agency that claimant was not entitled to PUA benefits in 2021.

The circuit court was tasked with determining whether the decision of the [Appeals Commission]—that "the ALJ's findings of fact accurately reflect the evidence introduced at the hearing" and "[t]he ALJ properly applied the law to those facts"—was supported by "competent, material, and substantial evidence on

-3-

the whole record," MCL 421.38(1), and whether the [Appeals Commission] operated within the correct legal framework. [*Lawrence*, 320 Mich App at 435 (citation omitted).]

Stated differently, "[u]sing this standard, a circuit court must affirm a decision of the ALJ and [the Appeals Commission] if it conforms to the law, and if competent, material, and substantial evidence supports it." *Hodge*, 497 Mich at 193. As a general rule, a claimant bears the burden of proving eligibility for unemployment benefits. *Lawrence*, 320 Mich App at 436 n 2.

"In response to the COVID-19 pandemic, the federal government provided states with funds to grant unemployment benefits to eligible persons." *Holbrook*, ___ Mich App at ___; slip op at 4. "To be eligible under the CARES Act, a person must be a 'covered individual' under 15 USC 9021(a)(3)(A)." *Holbrook*, ___ Mich App at ___; slip op at 4. In the original CARES Act, a "covered individual" included someone who was "not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation," and who "provides self-certification that the individual . . . is self-employed," otherwise able to work, and lost work because of the COVID-19 pandemic. 15 USC 9021(a)(3)(A)(i) and (ii). However, when the CARES Act was amended by the CAA, which became effective December 27, 2020, another requirement was added; a covered individual was now required to

> provide[] documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on which the individual submits an application for pandemic unemployment assistance under this section or the date on which an individual is directed by the State Agency to submit such documentation in accordance with section 625.6(e) of title 20, Code of Federal Regulations, or any successor thereto, except that such deadline may be extended if the individual has shown good cause under applicable State law for failing to submit such documentation[.] [See 15 USC 9021(a)(3)(A)(iii).]

The Agency relies on the interpretation of this amendment promulgated by the United States Department of Labor (USDOL). See UIPL No. 16-20, Change 4. In relevant part, the USDOL has stated that valid documentation in support of self-employment "includes, but is not limited to, state or Federal employer identification numbers, business licenses, tax returns, business receipts, and signed affidavits from persons verifying the individual's self-employment." See UIPL No. 16-20, Change 4, p I-11 (emphasis added). The documentation must cover earnings or the plan to work for such earnings in the tax year preceding the request for benefits. Id. The USDOL provided the following relevant examples:

> For example, an individual filing a claim effective December 27, 2020, must submit documentation that substantiates employment or self-employment which occurred between January 1, 2019 (the start of the applicable tax year) and December 27, 2020. An individual filing a claim effective January 3, 2021, must submit documentation that substantiates employment or self-employment which occurred between January 1, 2020 (the start of the applicable tax year) and January 3, 2021. [*Id*.]

For continuing claims, like those of claimant, the CAA requires that the necessary documentation be provided after the Agency requests it. 15 USC 9021(a)(3)(A)(*iii*). Under the CAA, if a person failed to submit the required documentation, they would not be eligible for PUA benefits. 15 USC 9021(a)(3)(A)(*iii*).

In this case, claimant first filed a claim for PUA benefits in April 2020, which were approved by the Agency and backdated to March 8, 2020. Claimant followed the certification procedures required of him on a biweekly manner in compliance with MCL 421.28(1). He continued receiving benefits, throughout 2020, which have not been challenged. Claimant continued to request benefits in 2021, which was when the CAA took effect. As a result, claimant was only entitled to those benefits if he timely provided proof of his income from self-employment before the pandemic caused him to lose work. 15 USC 9021(a)(3)(A)(*iii*). The Agency concluded that claimant did not provide the required documentation, found that he was ineligible because of that failure, and ordered him to repay over $17,000 in PUA benefits received in 2021.

At the hearing before the ALJ, claimant testified that he only recalled one instance when the Agency requested documentation of his prepandemic employment and income. He stated that he had provided the Agency with his 1099 tax form from 2019 in response to that request. When discussing the 1099 form, claimant did not state specifically what information the form contained. However, at other points during the hearing, claimant testified that he had been self-employed as a flooring installer before the pandemic shut down his business. When asked when he sent the 1099 form to the Agency, claimant stated that he thought it was in June 2020.

On the basis of this testimony, the ALJ made the following relevant finding of fact: "The Agency requested documentation from Claimant [] which substantiated either his employment or self-employment or his planned commencement of employment or self-employment. He provided a copy of his 2019 1099 form to the Agency." The Appeals Commission agreed, holding that the record supported a finding that claimant complied with the CAA. The circuit court ultimately agreed with the Appeals Commission, noting that the unrebutted testimony at the hearing before the ALJ had established that claimant provided the Agency with his 1099 tax form when it was requested by the Agency.

The Agency argues that the ALJ, the Appeals Commission, and the circuit court all erred because the CAA required documentary evidence of prior self-employment and claimant only testified to providing his 1099 tax form. We disagree. It is true that the CAA required documentary proof of prepandemic self-employment for individuals like claimant. 15 USC 9021(a)(3)(A)(*iii*). The Agency, however, argues that the ALJ could only reverse its decision if claimant had submitted the necessary documentary evidence *at the hearing*. The CAA contains no such requirement. Instead, the statute required documentary evidence to be submitted to the Agency, which claimant testified that he did in the form of his 1099 tax form for 2019.

The ALJ was permitted to, and did, find that claimant's testimony was credible. Moreover, an ALJ is permitted to rely on "legitimate and supportable inferences" able to be drawn from the evidence. *In re Sangster*, 340 Mich App 60, 67; 985 NW2d 245 (2022) (quotation marks and citation omitted). Claimant testified that he worked as a floor installer and considered himself to be self-employed before the pandemic began and effectively shut down his business. A reasonable inference from that evidence was the 1099 form displayed his income from 2019 from his self-

employment. Further, a federal 1099 form generally includes the recipient's employer's federal employer identification number. Therefore, by providing his 1099 form to the Agency, the ALJ could have reasonably inferred that claimant informed the Agency of his self-employment, his income amount, and federal employer identification number.

The circuit court was required to review the administrative decisions of the ALJ and the Appeals Commission to ensure compliance with the law and that the decision was on the basis of "competent, material, and substantial evidence on the whole record . . . ." *Lawrence*, 320 Mich App at 435 (quotation marks and citation omitted). As discussed above, the factual record supported the Appeals Commission's conclusion that claimant complied with the CAA. In its list of examples of documentation that proves prior self-employment, the USDOL included federal employee identification numbers and tax returns. UIPL No. 16-20, Change 4, p I-11. While a 1099 form is not a tax return, it does include a federal employer identification number and relevant information "to substantiate employment or self-employment or the planned commencement of employment or self-employment . . . ." 15 USC 9021(a)(3)(A)(*iii*). Further, the information provided by claimant, which was for the 2019 tax year, related to the correct time span; because claimant's request for PUA benefits dated back to March 8, 2020, he was required to present proof of self-employment between January 1, 2019, and March 8, 2020. UIPL No. 16-20, Change 4, p I-11.

The Agency argues that even if claimant did provide his 1099 form from tax year 2019, such was not sufficient to comply with the CAA. For this argument, the Agency relies on UIPL No. 16-20, Change 4, p I-10, which states that "states may not rely solely on agency records to satisfy this condition—the individual must submit documentation to the agency to be entitled to benefits." The Agency argues that claimant testified that he provided his 1099 form in June 2020, which was before the CAA was enacted and proof of prior self-employment was required. The Agency asserts that this testimony means that claimant was trying to rely on existing agency records to support his claim, which was not permitted under the above provision of UIPL No. 16-20, Change 4, p I-10. In other words, the Agency argues that the CAA required claimant to resubmit his 1099 form *after* the CAA was enacted in order to prove his eligibility for benefits under the CAA, notwithstanding that he had already submitted that document to the Agency.

We do not find the Agency's argument convincing. The Agency cherry-picks language from Change 4 to make this argument while ignoring relevant language elsewhere in the document. Pertinently, Change 4 expressed concerns about requiring claimants to "submit documentation to prove eligibility, rather than have such documentation *automatically added to the file based on agency records*." *Id*. (emphasis added). There is no claim, or evidence, in this case that claimant's 1099 form from 2019 was automatically added to claimant's file with the Agency. Indeed, claimant testified he sent it to the Agency in response to a request for documentation. Moreover, Change 4 provides in relevant part:

> The requirements to submit documentation substantiating employment or self-employment and to submit documentation for a higher [weekly benefit amount (WBA)] are distinct. . . . [A]n individual is already required to submit documentation substantiating wages if the individual is to receive a WBA that is higher than the state minimum WBA. However, *the documentation that an individual submits in support of a higher WBA may also be used to satisfy the*

*documentation requirement to substantiate employment or self-employment.* [*Id.* (emphasis added).]

Although the record does not contain testimony from claimant about receiving a higher WBA than the minimum, it is clear that he did because the minimum WBA, as referenced on the notices of determination from the Agency, was $160 per week. Claimant was being paid $362 per week in PUA benefits. Therefore, it is reasonable to assume that if the 2019 tax form was provided prior to the CAA's enactment, it was provided to substantiate claimant's entitlement to a higher WBA. According to the USDOL, claimant was permitted to rely on this same evidence when substantiating prior self-employment, and the Agency was permitted to rely on documentation that had already been provided to it by claimant before it was requested for the purpose of employment verification. *Id.*

In sum, because the Appeals Commission operated "within the correct legal framework," and its decision, along with the ALJ's decision, "was supported by competent, material, and substantial evidence on the whole record," *Lawrence*, 320 Mich App at 435 (quotation marks and citation omitted), the circuit court properly affirmed the decision of the Appeals Commission. We now affirm the circuit court.

Affirmed.


/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Noah P. Hood