*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL GEARIN,

      Claimant-Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY/UNEMPLOYMENT INSURANCE AGENCY,

      Appellant.

UNPUBLISHED
October 10, 2024
11:44 AM

No. 365391
Wayne Circuit Court
LC No. 22-010272-AE

---

Before: BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

PER CURIAM.

Appellant, the Department of Labor and Economic Opportunity/Unemployment Insurance Agency (the Agency), appeals by leave granted[1] the circuit court's order affirming the decision of the Unemployment Insurance Appeals Commission (the Appeals Commission), which affirmed the order of the Administrative Law Judge (ALJ) reversing the Agency's adjudication that claimant was ineligible for unemployment benefits. In simpler terms, the Agency challenges the determination that claimant was eligible for the unemployment benefits that were paid to him, and that he need not reimburse the Agency for those benefits. We reverse the circuit court's order and remand to that court with instructions to vacate the decisions of the Appeals Commission and the ALJ and for the ALJ to hold a hearing or hearings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case involves whether claimant was entitled to certain unemployment benefits paid to him under the Pandemic Unemployment Assistance (PUA) program. Claimant applied for and received such benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 USC 9001 *et seq.*, in 2020. Those benefits (for 2020) are not disputed. In late 2020, the

---

[1] *Gearin v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, unpublished order of the Court of Appeals, entered September 14, 2023 (Docket No. 365391).

Continued Assistance for Unemployed Workers Act of 2020 (the CAA) "amended the CARES Act and included certain changes to the PUA program." Unemployment Insurance Program Letter (UIPL) No. 16-20, Change 4, p I-1. As relevant to this case, the CAA "create[d] a new requirement for individuals to submit documentation substantiating employment or self-employment." *Id*. at p 5.

Claimant continued to receive PUA benefits in 2021. In July 2021, the Agency informed claimant that it had been determined that he was ineligible for PUA benefits for all of 2021, because he did not provide the necessary documentation to substantiate his prepandemic employment. Claimant protested the decision, and the Agency issued a redetermination that effectively restated its previous decision. In support of those decisions, the Agency cited to the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*., and the CAA. Claimant appealed the redetermination to the ALJ. The Agency did not appear at the hearing before the ALJ on claimant's appeal. Claimant represented himself and presented only his own testimony as evidence. Claimant testified that he had always performed the necessary biweekly certification procedures under the MESA. When asked about the verification of his prepandemic employment, claimant initially testified that he could not remember the Agency ever requesting it. However, later in the hearing, claimant recalled receiving something from the Agency in the summer of 2021, which prompted him to contact the Agency via telephone. According to claimant, a representative of the Agency told him to send in an affidavit verifying that he was self-employed in 2020. Claimant testified that he did so, although he did not explicitly state what information he had included in the affidavit.

On the basis of claimant's testimony, the ALJ reversed the Agency's decision. The ALJ determined that the Agency had wrongfully relied on a provision of the MESA (MCL 421.28(1)(a)) related to biweekly certification, instead of the relevant provision of the CAA regarding verification of prepandemic employment. The ALJ did not make any factual findings regarding whether claimant had provided sufficient documentation verifying his self-employment under the CAA. The Agency appealed the ALJ's decision to the Appeals Commission, which affirmed. The Appeals Commission agreed with the ALJ that the Agency's citation to the MESA was irrelevant and confusing; the Agency had no need to cite the MESA when the legal authority for requesting verification of employment was in the CAA. The Commission held that the ALJ's findings of fact at the hearing were supported by the evidence, and that the ALJ had properly applied the law to those facts.

The Agency then appealed to the circuit court, arguing that the ALJ and the Appeals Commission had failed to apply the appropriate legal framework. More specifically, the Agency asserted that, regardless of its citation to the MESA, the law was clear that claimant had to prove eligibility under the CAA by submitting documentary evidence establishing his prepandemic self-employment; by failing to address the ultimate issue of whether claimant had met that burden, the ALJ and the Appeals Commission erred. The circuit court disagreed, reasoning that there was sufficient evidence admitted during the hearing before the ALJ to support a finding that claimant provided the necessary information. Further, the circuit court noted a lack of evidence that the Agency had properly requested such documentation. As a result, the circuit court affirmed the decision of the Appeals Commission. This appeal followed.

-2-

## II. STANDARD OF REVIEW

This Court recently restated the applicable standards of review in cases involving appeals from the Appeals Commission and involving PUA benefits in *Holbrook v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 361919 and 362201); slip op at 3-4:

> The Michigan Constitution requires a circuit court to review an agency decision as follows:
>
>> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law. [Const 1963, art 6, § 28.]
>
> "A reviewing court is not at liberty to substitute its own judgment for a decision of the [Commission] that is supported with substantial evidence." *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193-194; 859 NW2d 683 (2015).
>
> Thus, this Court has explained that it "reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (cleaned up). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Id*. at 431-432.
>
> With respect to statutory interpretation, this Court reviews such matters de novo. *Liss v Lewiston-Richards, Inc*, 478 Mich 203, 207; 732 NW2d 514 (2007). "When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (cleaned up). If a statute is unambiguous, it must be applied as written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018).

III.  LAW AND ANALYSIS

The Agency argues that the circuit court should have reversed the decision of the Appeals Commission.  We agree, and hold that the circuit court erred when it affirmed the decision of the Appeals Commission, because it did not operate within the correct legal framework.

> The circuit court was tasked with determining whether the decision of the [Appeals Commission]—that "the ALJ's findings of fact accurately reflect the evidence introduced at the hearing" and "[t]he ALJ properly applied the law to those facts"—was supported by "competent, material, and substantial evidence on the whole record," MCL 421.38(1), and whether the [Appeals Commission] operated within the correct legal framework.  [*Lawrence*, 320 Mich App at 435 (citation omitted).]

Stated differently, "[u]sing this standard, a circuit court must affirm a decision of the ALJ and [the Appeals Commission] if it conforms to the law, and if competent, material, and substantial evidence supports it." *Hodge*, 497 Mich at 193.  As a general rule, a claimant bears the burden of proving eligibility for unemployment benefits. *Lawrence*, 320 Mich App at 436 n 2.

"In response to the COVID-19 pandemic, the federal government provided states with funds to grant unemployment benefits to eligible persons." *Holbrook*, ___ Mich App at ___; slip op at 4.  "To be eligible under the CARES Act, a person must be a 'covered individual' under 15 USC 9021(a)(3)(A)." *Holbrook*, ___ Mich App at ___; slip op at 4.  In the original CARES Act, a "covered individual" included someone who was "not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation," and who "provides self-certification that the individual . . . is self-employed," otherwise able to work, and lost work because of the COVID-19 pandemic.  15 USC 9021(a)(3)(A)(*i*) and (*ii*).  However, when the CARES Act was amended by the CAA, which became effective December 27, 2020, another requirement was added; a covered individual was now required to

> provide[] documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on which the individual submits an application for pandemic unemployment assistance under this section or the date on which an individual is directed by the State Agency to submit such documentation in accordance with section 625.6(e) of title 20, Code of Federal Regulations, or any successor thereto, except that such deadline may be extended if the individual has shown good cause under applicable State law for failing to submit such documentation[.]  [See 15 USC 9021(a)(3)(A)(*iii*).]

The Agency relies on the interpretation of this amendment promulgated by the United States Department of Labor (USDOL).  See UIPL No. 16-20, Change 4.  In relevant part, the USDOL has stated that valid documentation in support of self-employment "includes, but is not limited to, state or Federal employer identification numbers, business licenses, tax returns, business receipts, and s*igned affidavits from persons verifying the individual's self-employment*." See UIPL No. 16-20, Change 4, p I-11 (emphasis added).  The documentation must cover earnings

or the plan to work for such earnings in the tax year preceding the request for benefits. *Id*. The USDOL provided the following relevant examples:

> For example, an individual filing a claim effective December 27, 2020, must submit documentation that substantiates employment or self-employment which occurred between January 1, 2019 (the start of the applicable tax year) and December 27, 2020. An individual filing a claim effective January 3, 2021, must submit documentation that substantiates employment or self-employment which occurred between January 1, 2020 (the start of the applicable tax year) and January 3, 2021. [*Id*.]

For continuing claims, like those of claimant, the CAA requires that the necessary documentation be provided after the Agency requests it. 15 USC 9021(a)(3)(A)(*iii*). Under the CAA, if a person failed to submit the required documentation, they would not be eligible for PUA benefits. 15 USC 9021(a)(3)(A)(*iii*).

In this case, claimant originally applied, and was approved, for benefits under the CARES Act. He self-certified his prior self-employment at the time, which was then permitted under the law. He continued receiving benefits, throughout 2020, which have not been challenged. In 2021, in a series of redeterminations, the Agency alerted claimant about the change in the law caused by the CAA. Each redetermination, however, promised that a separate notice would be sent to claimant with specific instructions about what documentation he was required to submit. Such a notice with instructions was never entered into evidence or made a part of the lower court record. However, the Agency, in its filing with the Appeals Commission, asserted that it sent such notice and instructions to claimant on February 12, 2021, which required claimant to respond by May 17, 2021.

The Agency issued its determination and redetermination in July 2021, stating that claimant was ruled ineligible for the PUA benefits he received in 2021, because he had not submitted the required documentation. The Agency cited both MCL 421.28(1)(a); which pertains to certifying eligibility for benefits on a biweekly basis by reporting claimant was "register[ed] for work, [] available to perform suitable full-time work, and [] seek[ing] work;" and the relevant section of the CAA. That ultimately led to a hearing before an ALJ, during which the only evidence admitted was the testimony of claimant, who recalled an event in "the summer" when he received a request for documentation from the Agency about his self-employment in 2020, before the COVID-19 pandemic began in earnest. Claimant said that he called the Agency, and someone in the office told him that he could certify his entitlement to PUA benefits under the CAA by submitting an affidavit. Claimant testified that he did so. He also said that he "report[ed] the $200.00 that I had in income prior to the government shutting everything down."

The ALJ's decision focused heavily on the Agency's citation to the MESA. The administrative law judge reasoned that the Agency's reliance on MCL 421.28(1)(a)) was confusing when the reason for claimant's ineligibility was completely unrelated to biweekly reporting. With respect to the documentation submitted by claimant to satisfy the CAA, the ALJ made these findings of fact: "Claimant [] did not recall receiving a request for documentation of his employment from the Agency. He has not provided any documentation other that [sic] an affidavit that an Agency representative instructed him to submit." Ultimately, the ALJ decided to reverse

the Agency's eligibility determination because it had improperly relied on MCL 421.28(1)(a), which was unrelated to the requirement of documenting prepandemic self-employment under the CAA. Importantly, the ALJ did *not* find that claimant had complied with the CAA.

An affidavit is a form of evidence cited by the USDOL as sufficient proof of prior self-employment. But the ALJ never made any findings of fact regarding the contents of claimant's affidavit, and claimant's testimony is far from clear with regard to what information he included in the affidavit as opposed to what information he provided during his earlier self-certification. Further, although the ALJ found that claimant had stated that he never received a request for documentation from the Agency, the ALJ did not find that the Agency had failed to comply with the CAA's notice requirements. See 15 USC 9021(a)(3)(A)(*iii*).

On this record, we conclude that the ALJ failed to operate within the correct legal framework when ruling on claimant's appeal. There can be no dispute, under the CAA, that claimant was required to submit documentary evidence proving his prepandemic self-employment within a given time period after the Agency requested it. The ALJ did not make a factual finding regarding whether claimant had met that burden, or whether he ever received sufficient notice under the CAA of the need for such documentation. Despite the Agency's citation to the MESA (which we agree was irrelevant to the issue at hand), the notices of determination and redetermination both specifically cite the CAA requirement to provide documentary proof of prepandemic self-employment. Therefore, the ALJ's determination that the Agency had wrongfully relied solely on the MESA in making its determination was not supported by the evidence. The ALJ should have considered the issue of whether both the Agency and claimant had met the CAA's requirements.

The Appeals Commission did not cure this error by the ALJ. Instead, the Appeals Commission only stated that the ALJ's factual findings were supported by the record and that the ALJ properly applied the law. But, as just discussed, the law required a finding that claimant, in order to be entitled to PUA benefits, had complied with the CAA, and the ALJ did not find the facts necessary to reach that conclusion. The Appeals Commission solely focused on the Agency's reliance on the MESA, and even struck the language discussing the MESA from the Agency's July 2021 determination and redetermination. But the Agency's decision to repeatedly cite the MESA did not cure the ALJ's insufficient findings of fact regarding claimant's compliance with the CAA. 15 USC 9021(a)(3)(A)(*iii*).

Similarly, the circuit court did not cure the error by the ALJ or the Appeals Commission. The circuit court stated that the ALJ's factual findings were supported by competent evidence, holding that claimant had provided undisputed testimony that he had submitted documentation requested by the Agency. Additionally, the circuit court stated there was no evidence that the Agency ever sent the notice to claimant informing him of the necessity to submit the documentary evidence and what he should send. But neither the ALJ nor the Appeals Commission based their decisions on such grounds; further, as discussed, there were no findings of fact made concerning the contents of claimant's affidavit.

Had the circuit court performed the correct analysis, it would have determined that the Appeals Commission did not operate "within the correct legal framework" when it rendered its decision. *Lawrence*, 320 Mich App at 435 (citation omitted). Rather than review the ALJ's

decision to see if he had addressed claimant's compliance with the CAA, the Appeals Commission decided the case solely on the basis of the Agency's citation to the MESA. Because the Appeals Commission did not operate within the correct legal framework, the circuit court should have reversed and remanded to the ALJ for further proceedings regarding claimant's compliance with the CAA. *Id*. Because the circuit court did not apply the correct legal principles during its review, we must reverse. *Holbrook*, ___ Mich App at ___; slip op at 3 ("[T]his Court . . . reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles . . . .") (quotation marks and citation omitted).

Accordingly, we reverse the circuit court's order affirming the Appeals Commission's decision, and remand with instructions to vacate the decisions of the Appeals Commission and the ALJ, and for the ALJ to hold a hearing or hearings consistent with this opinion and make factual findings regarding whether claimant has satisfied the CAA's requirements. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Noah P. Hood